WINKELMAN v. WINKELMAN

DIVORCE—EVIDENCE—TESTIMONY—CORROBORATION.
   A trial judge who hears the testimony in a divorce action may
   believe one party even if that party's testimony is not cor-
   roborated by that of third persons, provided the party's testi-
   mony is credible and clearly establishes the right to relief.

Appeal from Macomb, James E. Spier, J.   Sub-
mitted Division 2 November 13, 1969, at Lansing.
(Docket No. 6,638.)   Decided November 26, 1969.

Complaint by Verner Winkelman against Helen
Winkelman for absolute divorce.   Judgment for
plaintiff.   Defendant appeals.   Affirmed.

*Robert J. Hribar,* for plaintiff.

*Eric Golting,* for defendant.

Before:   LEVIN, P. J., and T. M. BURNS and DAN-
HOF, JJ.

PER CURIAM.   The pertinent facts of this cause are
clearly and briefly stated in the trial court opinion:

"The parties were married in January, 1948, and
separated in January, 1966.   Parties are 58 and 59
years of age and there were no children of this mar-
riage.
   "Plaintiff husband testified that after defendant
joined Jehovah's Witnesses, she became unbearable,

---

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 378.

with excessive criticism and accusations, calling him dumb, lazy, repeatedly stating she hated him and in the fall of 1965 threw a sugar bowl at him. This conduct and the false accusations brought on plaintiff's ulcers and ill health. In January, 1966, she left to live with her mother, then in Florida.

"Defendant has denied the allegations, except for the one occasion testified to by a third party when she stated she hated him.

"After sizing up the parties, the plaintiff is a rather subdued quiet type, and the defendant a forceful aggressive personality; the court is inclined to hold that the situation exceeds that of normal marital bickering, and that the plaintiff had made out a case justifying a judgment for absolute divorce.

"The bank account should be equally divided."

The trial court's granting of the divorce was based on the finding that "the situation exceeds that of normal marital bickering."

This case is similar to *Gilchrist* v. *Gilchrist* (1952), 333 Mich 275, 277, where the court found that "the real substantial testimony as to defendant's constant nagging and false accusations came from plaintiff himself."

The trial court here as in *Gilchrist* (at p 279) "heard and saw the witnesses at first hand and we are reluctant to disturb its findings, notwithstanding the fact that defendant disputes material facts therein." For as the court also said in *Gilchrist* at p 277, "(t)he trial judge who hears the testimony may believe one party even if such testimony is not corroborated by that of third persons provided the party's testimony is credible and clearly establishes the right to relief."

We find nothing in the record which would allow us to discount the plaintiff's credibility or the trial court's reliance thereon.

Affirmed. Costs to plaintiff.